IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

PRIME COPY PLUS, INC.,
and DAVID ROBINSON,

       Plaintiffs,

v.           CIVIL ACTION NO. 3:15-14655

SENTINEL INSURANCE COMPANY, LTD,

       Defendant.

### MEMORANDUM OPINION AND ORDER

Pending is Defendant Sentinel Insurance Company, Ltd.'s ("Sentinel") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 3. In its motion, Sentinel contends dismissal of Count II in the Complaint is proper because the statute of limitations bars Plaintiffs' claim for violation of West Virginia's Unfair Trade Practices Act ("UTPA"), W. Va. Code Ann. § 33–11–1 (West 2016), *et seq*. For the reasons explained below, the Court **DENIES** Sentinel's Motions to Dismiss Plaintiffs' UTPA claim.

## I.  BACKGROUND

### A. Facts

According to the Complaint, in 2014 Plaintiff Prime Copy Plus, Inc. ("Prime Copy") was a business operating on a property owned by Plaintiff David Robinson (collectively "Plaintiffs") in Huntington, West Virginia. Compl. ¶¶ 1-2, Ex. A, ECF No. 1-1. Around August 14, 2014, a "precipitous" amount of rainfall occurred in Huntington. *Id.* ¶ 8. This downpour caused the City's storm drains to back up, which resulted in water seeping into the Prime Copy store through its front door and plumbing. *Id.* ¶ 9.

Plaintiffs, being first party insureds of Defendant-insurer Sentinel, notified Sentinel of the damage immediately after the damage occurred. *Id.* ¶ 7, 10, 11. In a letter dated September 10, 2014, Sentinel denied coverage, explaining though "coverage [existed] for sewer back up, . . . ground water and flooding [were] excluded." *Id.* ¶ 12.

Sometime in June 2015, Plaintiffs retained counsel. *See id.* ¶ 13. Through counsel, Plaintiffs sent letters to Sentinel requesting clarification of the policy and the denial of coverage. *Id.* The initial letter was sent on June 8, 2015, with ten follow up letters sent between July 3 and September 25, 2015. *Id;* Memo. in Opp. to Sentinel's Mot. to Dismiss 3, ECF No. 8. Neither Plaintiffs, nor their counsel, received a response. Compl. ¶ 14.

### B.    Procedural History

On September 30, 2015, Plaintiffs filed a complaint against Sentinel in the Circuit Court of Cabell County, West Virginia, Notice of Removal ¶ 1, ECF No. 1, raising two claims: breach of contract (Count I) and violation of West Virginia's UTPA (Count II), Compl. at ¶¶ 15, 16. Sentinel removed the case to this Court on November 4, 2015. Notice of Removal ¶ 1. According to the Notice of Removal, the basis for removing this action is diversity jurisdiction under 28 U.S.C. § 1332. *Id.* ¶¶ 3–4. Complete diversity allegedly exists because Plaintiffs are residents of West Virginia and Sentinel is a foreign corporation conducting business in West Virginia. *Id.* ¶ 4. Additionally, the amount in controversy allegedly exceeds $75,000. *Id.* ¶ 3.Sentinel now moves to dismiss Plaintiffs' UTPA claim on statute of limitations grounds pursuant to Fed. R. Civ. P. 12(b)(6). Mot. to Dismiss 1, ECF No. 3. Having introduced the relevant background, the Court will explain the legal standard for a 12(b)(6) motion to dismiss in Part II and discuss Sentinel's arguments for dismissal in Part III.

## II.     LEGAL STANDARD

When considering a motion to dismiss, a court follows a two-step approach: (1) "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), and then (2) "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

For the first step, the complaint must provide the plaintiff's "grounds of . . . entitlement to relief" in more factual detail than mere "labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

For the second step, a court must take the remaining factual allegations in the complaint as true, and view them in the light most favorable to the plaintiff. *See Twombly*, 550 U.S. at 555–56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 555, 570 (internal quotation marks omitted). Plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted).

## III.     DISCUSSION

Sentinel argues that Plaintiffs' UTPA claim should be dismissed because it is barred by West Virginia's statute of limitations for UTPA claims. The Court disagrees and cannot find at this time that Plaintiffs' UTPA claim is time-barred.

West Virginia courts apply a five-step analysis to determine whether a cause of action is time-barred:

> First, the court should identify the applicable statute of limitation for each cause of action. Second, the court (or, if questions of material fact exist, the jury) should identify when the requisite elements of the cause of action occurred. Third, the discovery rule should be applied to determine when the statute of limitation began to run by determining when the plaintiff knew, or by the exercise of reasonable diligence should have known, of the elements of a possible cause of action, as set forth in Syllabus Point 4 of *Gaither v. City Hosp.*, Inc., 199 W.Va. 706, 487 S.E.2d 901 (1997). Fourth, if the plaintiff is not entitled to the benefit of the discovery rule, then determine whether the defendant fraudulently concealed facts that prevented the plaintiff from discovering or pursuing the cause of action. . . And fifth, the court or the jury should determine if the statute of limitation period was arrested by some other tolling doctrine. Only the first step is purely a question of law; the resolution of steps two through five will generally involve questions of material fact that will need to be resolved by the trier of fact.

Syl. pt. 5, *Dunn v. Rockwell*, 689 S.E.2d 255, 258 (W. Va. 2009).

Turning to *Dunn's* first step, West Virginia has a one-year statute of limitations for UTPA claims involving unfair settlement practices. *See* Syl. pt. 1, *Wilt v. State Auto Mut. Ins. Co.*, 506 S.E.2d 608 (W. Va. 1998). The Parties in this case agree that a one-year statute of limitations is applicable. Accordingly, the Court applies a one-year statute of limitations to Plaintiffs' UTPA claim.

Second, the Court "should identify when the requisite elements of the cause of action occurred." *Dunn*, 689 S.E.2d at 265. West Virginia's UTPA prohibits a person from engaging "in any trade practice which is defined . . . as . . . an unfair or deceptive act or practice in the business of insurance." W. Va. Code Ann. § 33–11–3 (West 2016). The UTPA claim in this case arises under the prohibition against "unfair claim settlement practices" set forth at W. Va. Code § 33–

11–4(9).[1] Compl. ¶ 16. In order to establish a violation of the UTPA based on an insurer's handling of a single claim:

> [T]he evidence should establish that the conduct in question constitutes *more than a single violation* of W. Va. Code § 33–11–4(9), that the violations arise from separate, discrete acts or omissions in the claim settlement, and that they arise from a habit, custom, usage, or business policy of the insurer, so that, viewing the conduct as a whole, *the finder of fact* is able to conclude that the practice or practices are sufficiently pervasive or sufficiently sanctioned by the insurance company that the conduct can be considered a "general business practice" and can be distinguished by fair minds from an isolated event.

*Dodrill v. Nationwide Mut. Ins. Co.*, 491 S.E.2d 1, 13 (W. Va. 1996) (emphasis supplied). In this case, the Parties do not dispute the elements of Plaintiffs' UTPA claim as set forth above; instead they disagree about when the statute of limitations began to run on Plaintiffs' UTPA claim. And so, the Court moves on to step three.

At *Dunn's* third step, the Court applies the discovery rule. Under West Virginia law, a tort claim, which includes UTPA unfair settlement claims,[2] "does not 'accrue' for purposes of the statute of limitations until the plaintiffs knew or should have known by the exercise of reasonable diligence of the nature of their claims." *Stemple v. Dobson*, 400 S.E.2d 561, 564 (W. Va. 1990). Here, Sentinel contends the UTPA claim began to accrue on September 10, 2014, when Sentinel denied coverage, which would put the Complaint filed September 30, 2015 past the one-year limit. Mot. to Dismiss at 1. Plaintiffs counter their UTPA claim, brought pursuant to W. Va. Code § 33–11–4(9)(b), is based on Sentinel's lack of prompt response to Plaintiffs' Counsel's letters regarding

---

[1] More specifically, the Complaint alleges violations under sub-sections (b), (d), and (f) of W. Va. Code § 33–11–4(9). Additionally, Plaintiffs' Response to the instant Motion raises a fourth potential violation under sub-section (n). If Plaintiffs wish to amend the Complaint to include this fourth alleged violation, Plaintiffs should seek leave to add this as another violation alleged under Plaintiffs' UTPA claim. The Court's analysis in this Memorandum Opinion and Order pertains only to the UTPA violations alleged in the Complaint filed on September 30, 2015.
[2] UTPA unfair settlement claims are tortious in nature. *Wilt*, 506 S.E.2d at 609.

denial of Plaintiffs' insurance claim. Memo. in Opp. to Sentinel's Mot. to Dismiss at 4. Under Plaintiffs' theory, their UTPA claim would not accrue until sometime after June 8, 2015, when Plaintiffs' Counsel sent the first letter, *id,* placing the Complaint well within the statute of limitations.

Applying the discovery rule to the facts viewed in a light most favorable to Plaintiffs, the Complaint was brought within the UTPA's statute of limitations. Although Plaintiffs became aware of the denial of their insurance claim over one year before suit was filed, a valid UTPA claim against an insurer based on a single claim requires showing that the insurer both (1) violated the UTPA in the handling of the claim and (2) committed violations of the UTPA with such frequency as to indicate a general business practice. *Holloman v. Nationwide Mut. Ins. Co.*, 617 S.E.2d 816, 217 (W. Va. 2005). A reasonable fact finder could conclude that Sentinel's failure to promptly respond to Plaintiffs' Counsel's letters constituted UTPA violations and that such violations are necessary to establish the sort of general business practice the UTPA requires for an insurer's liability based on handling a single claim.[3] The point at which Sentinel's alleged violations gave rise to a viable UTPA claim presents a factual question a reasonable jury could resolve in Plaintiffs' favor. Therefore, the Court will stop at step three of the *Dunn* analysis and not decide in this motion to dismiss whether Plaintiffs' UTPA is time-barred.[4]

---

[3] As a set forth in *Dodrill,* there would need to be multiple, isolated violations in order to establish a general business practice. UTPA claims are generally treated as an overarching claim and the statutory sub-paragraphs treated as individual factors, with multiple violations of one or more factors required to establish a UTPA violation. *See* Syl. pt. 5, *Barefield v. DPIC Companies Inc.,* 600 S.E.2d 256 (W. Va. 2004) (explaining evidence should establish multiple, separate acts or omissions so that conduct on the whole can give rise to a UTPA claim); *Maher v. Continental Cas. Co.,* 76 F.3d 535 (1996) (holding that where an insurer is alleged to have engaged in more than one listed prohibited practice in a single claim, a general business practice may be established even when the factual basis for each violation may not be within the same isolated scenario).

[4] This does not preclude the Court from taking up the *Dunn* analysis of Plaintiffs' UTPA claim again at a later stage of this proceeding, for instance in a motion for summary judgment.

Furthermore, Sentinel's two remaining arguments for finding Plaintiffs' UTPA claim time-barred are unpersuasive. First, Sentinel mistakenly cites *Noland v. Virginia Ins. Reciprocal*, 686 S.E.2d 23 (W. Va. 2009), but the West Virginia Supreme Court of Appeals explicitly limited its holding in *Noland* to UTPA claims based on refusals to defend, *Noland*, 686 S.E.2d at 40,[5] which is not the sort of UTPA claim Plaintiffs bring. Second, Sentinel postulates that finding the UTPA claim timely based on Plaintiffs' Counsel's letters sets precedent permitting an insured to save a UTPA wrongful denial claim from being time-barred by contacting an insurer 364 days after claim denial in order to toll the statute of limitations. However, Sentinel's hypothetical facts are not the facts of the instant case, as Plaintiffs' claim is primarily based on Sentinel's lack of responsiveness, not just Sentinel's alleged wrongful denial. Furthermore, insurers cannot escape UTPA liability by waiting a year after denial to take bad faith actions in connection with denying an insurance claim, *see Taylor v. Nationwide Mut. Ins. Co.*, 589 S.E.2d 55 (W.Va. 2003) (explaining UTPA creates positive duty independent of any insurance contract and claim may be brought based on violation of UTPA statutory duty), for instance, ignoring an insured's letters regarding claim denial that occurred a year earlier.

As a final matter, Plaintiffs, in responding to the instant Motion, raise a counterclaim for declaratory judgement. Any such counter-claim would need to be raised in a separate motion to amend the Complaint before this Court would permit adding it.

---

[5] *See also Skiles v. Mercado*, No. 15-3865, 2016 WL 183921, at *6–9 (S.D.W. Va. Jan. 14, 2016) (Chambers, J.) (declining to apply *Noland* in determining whether Plaintiffs' UTPA claim predicated on Sentinel's refusal to indemnify was time-barred).

## IV.    CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' Motions to Dismiss Plaintiffs' UTPA claim in Count II of the Complaint.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:        May 13, 2016

ROBERT C. CHAMBERS, CHIEF JUDGE